IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:11-cr-00920 |
| v. | ) ) ) | Chief Judge Haynes |
| THE FINISH LINE, INC., | ) ) | |
| Defendant. | ) ) ) | |

# MEMORANDUM

Before the Court is Defendant The Finish Line, Inc.'s motion for clarification and/or to set this case for trial. (Docket Entry No. 92). In sum, Defendant requests the Court clarify the deadline for filing jury instruction and motions in limine, and the trial date. Id. In essence, Defendant contends the Court should continue setting a trial date pending the Supreme Court's resolution of Vance v. Ball State, 646 F.3d 461 (7th Cir. 2011), cert granted, 133 S.Ct 23 (2012). (Docket Entry No. 93). Moreover, Defendant contends the Court should consider summary judgment briefing has only recently been completed. Id. In response, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), contends the Court has established the trail date for this action as January 29, 2012. Plaintiff further contends the Supreme Court's ruling in Vance will not effect the Court's ruling in this action.

## A. Statement of Facts

On September 29, 2011, Plaintiff filed this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Docket Entry No. 1). In November 2011, the Court issued a

1

Case Management Order setting a trial date of January 29, 2013. (Docket Entry No. 7). The Case Management Order also ordered the parties to file all dispositive motions by September 4, 2012, and any response thereto by October 4, 2012. Further, the Case Management Order ordered any reply to be field by October 18, 2012. On July 26, 2012, Defendant moved the Court to extend the discovery deadline for the purpose of taking the depositions of Ashley Hopmayer, Crystal Freeman, and Plaintiff's 30(b)(6) designee. (Docket Entry No. 46). Defendant further moved the Court to continue the trial date as necessitated by discovery extensions. Id. On July 27, 2012, the Court granted Defendant's motion to extend discovery deadlines. (Docket Entry No. 52).

### B. Conclusions of Law

Plaintiff contends the Court's Order granting Defendant's motion for discovery extension did not disturb the case management Order's January 29, 2012 trial date. (Docket Entry No. 95). Plaintiff asserts the Court's Order only affected Defendant's deadline to depose Hopmayer, Freeman, and Plaintiff's 30(b)(6) designee. In response, Defendant contends the Court granted Defendant's motion for discovery extension "in its entirety," effectively continuing the Court's previously established trial date. (Docket Entry No. 93). Defendant's motion to extend discovery deadlines requested a trial date continuance "if necessary" following discovery deadline extensions. (Docket Entry No. 46). The Court granted Defendant's motion, but the Court did not, and does not, find it necessary to continue the trial date. Given Defendant conducted the depositions contemplated in their motion and the parties will have adequate time to resolve summary judgment proceedings prior to trial, the Court concludes a January 29, 2012 trial date provides parties with adequate time to prepare for trial.

Defendant next contends that the trial date should be continued pending the United States Supreme Court's resolution of Vance v. Ball State. Defendant contends Vance will potentially impact the Court's summary judgment ruling in this action, as the Supreme Court's ruling could impact Defendant's affirmative defense under Faragher/Ellerth. The Supreme Court granted certiorari in Vance to address conflict in the lower courts over the Supreme Court's conclusions in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), and Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). The Supreme Court has previously held that when an employee, subject to severe or pervasive sex-based workplace harassment, sues her employer under Title VII, the employer is vicariously liable for the discriminatory conduct of the worker's supervisors. Faragher, 524 U.S. at 807; Ellerth, 524 U.S. at 765. Yet, the Supreme Court further held that liability for harassment by a co-employee requires proof of employer negligence. Id.

Following Faragher and Ellerth, lower federal courts have created divergent rules for when the Faragher and Ellerth vicarious liability rule applies. The Seventh Circuit in Vance held that Faragher/Ellerth applies only to a subset of supervisors; those with authority to alter the victim's formal employment status, i.e., to **hire, fire, promote, or discipline.** Vance, 646 F.3d at 470 (emphasis added). In essence, the Seventh Circuit concluded that an individual who has the title of manager, functions as plaintiff's boss, oversees plaintiff's work, and assigns daily tasks is, for Faragher/Ellerth purposes, a mere co-worker without the ability to hire, fire, promote or discipline. Yet, three federal appellate courts, numerous district courts, and the EEOC, have squarely rejected the Seventh Circuit's holding in Vance. Those courts concluded that the restriction is unsupported by Faragher's holding. In sum, the Supreme Court's conclusion in

3

Vance will likely clarify whether a person that functions as a plaintiff's boss, oversees a plaintiff's work, and assigns daily tasks is, for Faragher/Ellerth purposes, also a supervisor or merely a co-worker. Vance will not likely re-designate those persons who can hire, fire, promote, or disciple, as there is consensus across federal courts as to their supervisor designation.

Defendant contends Vance's outcome will effect the Court's summary judgment conclusion in this action because Defendant raises an affirmative defense under Faragher/Ellerth. In response, Plaintiff asserts Vance does not apply to this action because the alleged harasser was Defendant's General Manager, Gallian Fulton. Plaintiff contends as General Manager Fulton had the authority to "hire, fire, demote, promote, transfer or discipline" his subordinates, clearly establishing him as a supervisor under Title VII. (Docket Entry No. 74-1, Fulton Deposition at 116).

In response, Defendant contends the Court, in addressing summary judgment motions in this action, will likely evaluate the extent of information available to two of Defendant's assistant managers, and whether the assistant managers were "supervisors" under Title VII. Title VII, however, provides that "an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment **created by a supervisor** with immediate authority over the employee." Ellerth, 524 U.S. at 745. Here, it is Fulton's behavior that exposed Defendant to vicarious liability, not either of the assistant managers. Thus, the assistant managers' "supervisor" designation, which will likely be affected by the Supreme Court's conclusion in Vance, is nondispositive in this action. Fulton is unequivocally designated a "supervisor" under Faragher/Ellerth as he indisputably retained authority to hire, fire, promote or discipline the claimants. (Docket Entry No. 74-1, Fulton Deposition at 116). The Supreme Court's conclusion

4

in <u>Vance</u> will likely leave Fulton's supervisor designation undisturbed. Thus, the Court concludes that the Supreme Court's grant of certiorari in <u>Vance</u> does not necessitate a continuance of the trial date in this action.

  An appropriate Order is filed herewith.

          _____
          WILLIAM J. HAYNES, JR.
          Chief Judge
          United States District Court.

          12-10-12

5

Case 3:11-cv-00920   Document 96   Filed 12/10/12   Page 5 of 5 PageID #: 1968