IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) | Civil Action 3:11-cv-00920 |
| v. | ) | JUDGE HAYNES |
| THE FINISH LINE, INC., Defendant. | ) | Jury Trial Demand |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE**

Defendant respectfully submits this memorandum in support of its motions in limine. This motion is presented to streamline a trial that already promises to be long and complex.

**A. Motion in Limine Number 1 – Exclusion of Testimony Regarding Individuals on Whose Behalf the EEOC Is Not Suing or Seeking Damages**

Defendant moves to exclude evidence related to allegations of harassment against individuals who are not claimants in this lawsuit (i.e., any individual other than Kayla Roberts, Ashley Hopmayer, and Miranda Watson). This would include exclusion of evidence related to Brooke DeFosse, Holly Burke, and Justine Brown-Ellis. These three individuals are not claimants in this lawsuit, and the EEOC admittedly is not pursing their claims or seeking money on their behalf. Any evidence with respect to these three individuals (or any other non-claimant) is irrelevant. Furthermore, its presentation would cause unfair prejudice and unduly delay what will already be a long trial.

As briefed more extensively in summary judgment, during the so-called "conciliation" period, the EEOC sought money for six individuals. Three of those six individuals included DeFosse, Burke, and Brown-Ellis. (*See* Second Conciliation Agreement, Docket No. 67-8). As

part of this lawsuit, however, the EEOC is only pursuing the claims of three other individuals—Roberts, Hopmayer, and Watson. (*See* Pl.'s Compl.). The EEOC expressly admits that it is not pursuing the claims of DeFosse. (*See* Pl.'s Resp. to 3rd Request for Admissions, attached as Ex. 1). As the EEOC affirmed, "The Commission has clearly communicated that it will no longer pursue any claims" on DeFosse's behalf. (*Id.*). Indeed, any such claims would have failed because they are time-barred. (*See* EEOC's Resp. to Def.'s 4th Request for Admissions, at ¶ 19, Docket No. 67-10; DeFosse Dep. at 7-8, Docket No. 68-1). Similarly, the EEOC is not pursuing claims on behalf of Burke and Brown-Ellis, and in any event it is undisputed that any such claims would be time barred. (*See* Pl.'s Compl.; EEOC's Resp. to Def.'s 4th Request for Admissions, at ¶¶ 20-21, Docket No. 67-10; Justin Brown-Ellis Screen Shot, Docket No. 68-7).

**1. This "Evidence" Is Not Relevant.**

Any testimony or other evidence with respect to employees besides Roberts, Hopmayer, and Watson is inadmissible because it is not relevant. It is well-settled that irrelevant evidence is not admissible at trial. *See* FED. R. EVID. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Conversely, irrelevant evidence is evidence that does not have a tendency to make the existence of a fact more probable than not. Since the EEOC is not pursuing claims on behalf of DeFosse, Burke, and Brown-Ellis, testimony regarding these non-claimants is irrelevant and must be excluded from the trial of this matter pursuant to Fed. R. Evid. 402.

With respect to Roberts, the entirety of the EEOC's case hinges upon rumors that Assistant Store Managers Crystal Freeman and Sam Bolling allegedly heard in the summer of 2009 but did not report. (*See* Dep. of EEOC's 30(b)(6) Rep., at 96, Docket No. 65-10). Indeed,

this is the EEOC's only argument with respect to *Faragher* and *Ellerth*. (*See* Docket No. 73, at 23-29). By summer of 2009, the employment of DeFosse, Burke, and Brown-Ellis had long since ended. Burke's last day of employment was in 2007. (EEOC's Resp. to Def.'s 4th Request for Admissions, at ¶ 18, Docket No. 67-10). Brown-Ellis' last day of employment was August 15, 2008. (*See* Justine Brown Screen Shot, Docket No. 68-7). DeFosse's testified that she worked at a Finish Line store in Jackson, Tennessee in 2006 and 2007—*i.e.*, years prior to Roberts' six-month relationship with Fulton in the summer and fall of 2009. (*See* EEOC's Resp. to Def.'s 4th Request for Admissions, at ¶ 19; DeFosse Dep. at 7-8).[1]

These individuals were not employed at Finish Line during the timeframe in question—i.e., during the employment of Roberts, Hopmayer, and Watson at the Cool Springs Store in 2009. They are not claimants in this lawsuit. They never reported any alleged harassment to Finish Line.[2] As the timeline makes plain, DeFosse, Burke, and Brown-Ellis do not fit within the EEOC's theory of liability—*i.e.*, that Bolling and Freeman heard "rumors" in the summer of 2009. Nor did they observe any conduct at issue with respect to Roberts, Hopmayer, and Watson (indeed, they could not have observed anything relevant because they were no longer employed). In short, any evidence with respect to these three individuals (as well as any other non-claimant) is irrelevant and inadmissible under Rule 402.

**2. This "Evidence" Should Be Excluded Under Rule 403.**

Even if such testimony were relevant (which it is not), Rule 403 would demand exclusion

---

[1] While DeFosse spent a weekend in 2009 working at the Cool Springs store during a "tax free weekend," she did not have any problems with Fulton during this weekend. (DeFosse Dep. at 17-19).

[2] *See, e.g.,* Dep. of EEOC 30(b)(6) Rep. at 56-58, 61, 65, Docket No. 65-10; *see also* Trail Interview Notes of DeFosse, at Docket No. 68-2; Trail Interview Notes of Burke, at Docket No. 68-6; Trail Interview Notes of Brown-Ellis, at Docket No. 68-8.

of this testimony. That rule provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. All of these factors are present here.

The presentation of evidence with respect to DeFosse, Burke, and Brown-Ellis would create unfair prejudice to Defendant. A jury would be allowed to potentially punish Defendant for the conduct they described—even though they have no actionable claims, even though the conduct they described occurred outside the limitations period, and even though it is undisputed that they never utilized available reporting procedures to alert Finish Line to any alleged harassment.[3]

This evidence would confuse the issues and mislead the jury. The jury would be allowed to consider whether or not Fulton harassed non-claimants DeFosse, Burke, and Brown-Ellis, even though those are not issues presented in this lawsuit.

This evidence would result in unduly delay, waste of time, and the needless presentation of cumulative evidence. Presumably, Roberts, Hopmayer, and Watson will all be present at trial. They will be able to tell the jury about Fulton's alleged actions. Allowing the evidence of three additional individuals—none of whom are actual claimants—is the very definition of unnecessary cumulative evidence.

Courts have repeatedly held that alleged harassment directed at others should be given little weight to no weight when considering whether a plaintiff's work environment is sufficiently severe or

---

[3] *See* Dep. of EEOC 30(b)(6) Rep. at 56-58, 61, 65, Docket No. 65-10, Trail Interview Notes of DeFosse; Trail Interview Notes of Burke; Trail Interview Notes of Brown-Ellis.

pervasive to support a hostile work environment claim.[4] The risk of unfair prejudice, confusion of the issues and waste of time all outweigh any possible relevance (and again Defendant contends there is none) to evidence related to DeFosse, Burke, and Brown-Ellis.

Defendant moves for the exclusion of any testimony or evidence related to alleged harassment of DeFosse, Burke, or Brown-Ellis, as well as any other individual who is not a claimant in this lawsuit.

**B. Motion in Limine Number 2 – Exclusion of Fulton's Previous Conviction, in Accordance with the EEOC's Express Stipulation**

Defendant respectfully moves for the exclusion of evidence related to Gallian Fulton's 22-year-old misdemeanor conviction for statutory rape. The EEOC has stipulated that it will not introduce evidence related to this conviction.

When Fulton was 19 years of age, he was convicted for misdemeanor statutory rape. As Fulton testified, this conviction stemmed from an incident when he was a senior in high school and was dating a freshman in high school. (Fulton Dep. at pp. 31-34, attached as Ex. 2). Initially in this lawsuit, the EEOC asserted that it was seeking the "statutory caps" against Finish Line because it hired Fulton despite his dated conviction. (*See* Pl.'s 2nd Supplemental Resp. to Def.'s 1st Interrog. No. 9, attached hereto as Ex. 3). At the outset of this litigation, it was the EEOC's apparent position that Finish Line should not have hired Fulton in 2006 due to his misdemeanor conviction in 1990.

---

[4] *See, e.g., Smith,* 220 F.3d at 760 (6th Cir. 2000); *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 826 (6th Cir. 1997); *Wells v. Family Indep. Agency*, 2006 WL 2613501, at *2 (Mich. Ct. App. 2006); *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1135, 1144-45 (7th Cir. 1997); *Kilby-Robb v. Spellings*, 522 F. Supp. 2d 148 (D.D.C. 2007); *Jennings v. Univ. of N.C.*, 444 F.3f 255, 272-73 (4th Cir. 2006); *Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 760 (8th Cir. 2004).

The EEOC's initial position was contradictory to the guidance that it has issued on criminal background checks and using dated criminal convictions when making a hiring decision. This would include the policies set forth in the EEOC in Section 15: Race & Color Discrimination of its "EEOC Compliance Manual." (*See* EEOC Compliance Manual, attached hereto as Ex. 4). This would include the policies advanced by the EEOC on April 25, 2012 in its "EEOC Enforcement Guidance." (*See* April 25, 2012 Guidance, attached as Ex. 5). This would also include lawsuits filed by the EEOC against employers who have refused to hire individuals based upon dated criminal convictions.

In light of the inherent contradictions in the EEOC's positions (i.e., its guidance saying it is discriminatory to not hire someone based upon a dated conviction vis-à-vis its initial position that Defendant was liable for the "statutory caps" because it hired Fulton despite his dated misdemeanor conviction), Defendant served a 30(b)(6) notice on the EEOC, seeking testimony on these contradictory positions. (*See* 3rd Am. 30(b)(6) Notice to EEOC, ¶¶ 1-20, Docket No. 65-9). Prior to this deposition, the EEOC agreed to withdraw its position set forth in its interrogatory response above and further agreed to not introduce evidence of Fulton's past conviction, in exchange for Defendant's agreement to withdraw the 30(b)(6) topics related to this issue. This stipulation and agreement was confirmed during the opening moments of the deposition of the EEOC's 30(b)(6) witness. (*See* Dep. of EEOC 30(b)(6) Rep., at 5-7, Docket No. 65-10).

Since the EEOC stipulated on the record that it would not introduce evidence related to Fulton's past conviction, Defendant seeks an Order, confirming that this evidence is to be

excluded. The EEOC has stipulated that it would not introduce this evidence—it should be held to its stipulation.[5]

Defendant apprises the Court of its belief that Kayla Roberts and her mother, Barbara Roberts, are "itching" to present this evidence to the jury. For example, Barbara Roberts testified (with great emotion) that she believes that this matter should go to trial because Defendant hired Fulton even though he had a past conviction. (*See* Barbara Roberts Dep. at 89-90, 97-99, attached as Ex. 6). Indeed, it was immediately after learning of Fulton's past conviction that Barbara Roberts engaged in her racist rant to the Smyrna police. (*See id.* at 32-33). Due to how strongly Barbara Roberts feels about this issue, there is a risk that these witnesses will volunteer testimony about Fulton's past conviction—she clearly wishes to get this information to the jury. In light of this danger, Defendant respectfully request an order, which not only precludes the introduction of this evidence by the EEOC (in accordance with their on-the-record stipulation) but also preventing witnesses from volunteering this information at trial.

**C. Motion in Limine Number 3 – Exclusion of the Use of the Phrases "Statutory Rape," "Rape," "Sexual Assault" or Similar Inflammatory Rhetoric**

The EEOC's game plan is clear—it will attempt to use the phrases "rape" and "sexual assault" as many times as humanly possible so as to inflame the jury. One need look no further than the agency's pleadings. From day one, it has been the EEOC's theory that "Roberts, then a minor, could not consent to sexual intercourse with General Manager Fulton. Because she could

---

[5] Even if it had not so stipulated, this evidence would not be relevant. As briefed previously, criminal standards are inapposite of civil standards in a harassment lawsuit. *See Doe v. Mama Taori Premium Pizza*, 2001 WL 327906 (Tenn. Ct. App. 2001). Moreover, this evidence would be excludable under Rule 403. Its danger of unfair prejudice and juror confusion is obvious. Furthermore, since the EEOC has taken the position that it is typically discriminatory to not hire a minority based upon a dated conviction (especially a misdemeanor), it is manifestly unfair to let the jury consider Fulton's past conviction here.



Case 3:11-cv-00920 Document 111 Filed 01/02/13 Page 7 of 11 PageID #: 2047

not consent, the *sexual assault* was unwelcome." (Pl.'s Compl. ¶ 8g). It uses the phrases "rape" or derivations thereof 19 different times in its summary judgment motion. (*See* Docket Nos. 73, 74). Very often, the EEOC characterizes the facts as showing that Fulton "repeatedly statutorily raped Ms. Roberts." (*See* Docket No. 102 at 2).

Multiple reasons exist for precluding the EEOC from using the phrases "statutory rape," "rape," "sexual assault," and the like from trial. First, these criminal phrases are utterly irrelevant in this civil trial. *See Mama Taori*, 2001 WL 327906 at *5 (holding that "both the Tennessee Supreme Court and the Tennessee General Assembly have declined to adopt a per se rule that all persons under the age of eighteen lack the capacity to consent," that "for persons between the ages of fourteen and eighteen, there is a rebuttable presumption that they are capable of giving consent," that "deterrence and punishment for illegal acts should be left to the criminal law" and that "civil actions for damages should be left to proceed under ordinary tort principals"). The issue presented in this case is not whether Fulton committed statutory rape within the meaning of Tennessee criminal law. Instead, the issue is whether Fulton subjected Roberts to "unwelcome" harassment, as defined by the numerous Sixth Circuit cases setting forth the standard for sexual harassment under Title VII. The EEOC asks this Court to apply Tennessee law when addressing Roberts' harassment claim. (*See* Pl.'s Compl. ¶ 8g). But it is the law of Tennessee that the criminal standards for statutory rape are inapplicable to a civil lawsuit. *See Mama Taori*, 2001 WL 327906 at *5. The criminal notion of statutory rape is irrelevant in this action and inadmissible under Rule 402.

Second, such rhetoric brings an obvious risk of unfair prejudice and confusion of the issues. For female jurors, the term "rape" would cause a particularly visceral reaction. For females, there can be few greater fears in life than being raped. And the EEOC clearly plans to

use the phrase "rape" repeatedly so as to inflame the jury and induce an emotionally-based verdict. This is precisely the reason for which Rule 403 was crafted. *See, e.g., Old Chief v. United States,* 519 U.S. 172, 180 (1997) (emphasis added) (quoting Fed. R. Evid. 403, advisory committee note) ("'Unfair prejudice' means an undue tendency to suggest decision of an improper basis, commonly, though not necessarily, ***an emotional one***.'"). Presentation of this type of charged evidence would be particularly prejudicial and improper—especially given the fact that it has no probative value to the civil issues presented in this lawsuit.

Such evidence would also result in confusion of the issues—specifically, allowing this trial to morph from a civil lawsuit under Title VII to a criminal proceeding. It is the law of this state that criminal standards are inapplicable to the instant matter. *See Mama Taori*, 2001 WL 327906 at *5. This matter should be tried under Title VII's well-settled standards on welcomeness, not irrelevant criminal standards.

**D. Motion Number 4 – Exclusion of Allegations Concerning HPV**

During the summary judgment proceedings, the EEOC alleged that, "Gallian Fulton also infected Kayla Roberts with the Human Papillion Virus (HPV), a sexually transmitted disease, as a result of his statutory rape of the minor." (EEOC's Statement of Undisputed Facts, Docket No. 74 at ¶ 45). This allegation was directly contrary to the record. Specifically, Roberts testified that she had a follow-up test for HPV that was negative, and that her physician stated that she had no signs of the virus. (Roberts Dep. p. 129, Docket No. 65-3).

The EEOC should be excluded from making such allegations at trial. First, these allegations are irrelevant. Whether or not Roberts has HPV is irrelevant to the issues presented in this case—i.e., whether her relationship with Fulton was welcome, whether Finish Line made

efforts to prevent harassment in the workplace, and whether Roberts failed to utilize available reporting procedures to alert Finish Line to her relationship with Fulton.

Second, these allegations are unfairly prejudicial. They have no probative weight; indeed, Roberts testified that she does not have HPV, as confirmed by her physician. (*See* Roberts Dep. p. 129). Conversely, these allegations would inflame the jury and induce an emotional reaction—i.e., the very result that Rule 403 was intended to prevent. *See Old Chief,* 519 U.S. at 180; Fed. R. Evid. 403, advisory committee note.

The EEOC should not be allowed to inflame the jury with an allegation that its own claimant says is untrue. Defendant moves for the exclusion of any allegation or evidence related to HPV.

## E. Additional Motions in Limine Based Upon the Outcome of the Pending Motions for Summary Judgment and Severance

Defendant notes that the pending motions for summary judgment and severance could affect the evidentiary issues presented at trial. Defendant reserves the right to file additional motions in limine, depending on the outcome of those motions.

## F. Conclusion

For the foregoing reasons, Defendant respectfully seeks the exclusion of these matters from trial.

Respectfully submitted on January 2, 2013.

s/ Jennifer S. Rusie
Jonathan O. Harris (BPR 21508)
Jennifer S. Rusie (BPR 26009)
Jessica Patrick (BPR 28039)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, Tennessee 37219
(615) 254-1900
(615) 254-1908 (*Facsimile*)

Gray Geddie (*pro hac vice*)
OGLETREE, DEAKINS, NASH,
SMOAK, & STEWART, P.C.,
The Ogletree Building
300 North Main Street, Suite 500,
Greenville, South Carolina 29601

Attorneys for Defendant

**Certificate of Service**

I certify that on January 2, 2013, a true and correct copy of the foregoing document has been served on the following counsel of record for Plaintiff via the Court's electronic filing system:

Kenneth P. Anderson
Kelley R. Thomas
Faye Williams
Joseph M. Crout
Equal Employment Opportunity Commission
1407 Union Avenue, Suite 900
Memphis, TN 38104

Mark Chen
Equal Employment Opportunity Commission
220 Athens Way, Suite 350
Nashville, TN 37228

s/ Jennifer S. Rusie