IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION
**Exhibit 3**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE FINISH LINE, INC.,<br><br>Defendant. | Civil Action No. 3:11-cv-00920<br><br>Judge Haynes<br><br>JURY TRIAL DEMAND |

### PLAINTIFF'S SECOND SET OF SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff Equal Employment Opportunity Commission (Commission) submits its Second Set of Supplemental Responses to Defendant's First Set of Interrogatories.

6. Describe in detail each and every communication, written or verbal, that Roberts has had with any current or former employee of Defendant that the EEOC contends supports any of the claims the EEOC has raised in this litigation, including the date of the communication, the name(s) of the individual(s) involved, the name(s) of any witness (es) and the substance of the communication.

**Response:** The Commission objects to this interrogatory as unduly burdensome. Without waiving this objection, the Commission asserts that Defendant deposed Ms. Roberts on March 9, 2012 regarding her contacts with "any current or former employee of Defendant." Further, the Commission provided all non-privileged documents to Defendant in its Rule 26(a)(1) Initial Disclosures listing information regarding Ms. Kayla Roberts. The Commission does not have any information regarding any additional communications that Roberts may have had with current or former employee of Defendant.

7. Identify any employee, agent or representative of any of the Defendant, whether current or former, with whom Roberts, DeFosse, Hopmayer, and/or Watson has discussed the subject matter of this lawsuit. For each individual identified, please provide his or her title (or former title), the dates of the discussion, and the content or substance of the discussion.

**Response:** The Commission previously provided its Rule 26(a)(1) Initial Disclosures to Defendant. In addition, the Commission notes that Ms. Roberts testified in her deposition on March 9, 2012, regarding whom she had discussed the subject of this case. Specifically, under examination by Defendant, she testified that she discussed the case with Crystal Freeman, assistant manager. As to Ms. DeFosse, Hopmayer, and Watson, the Commission is continuing to attempt to reach them to obtain such information and will supplement its response pursuant to Fed.R.Civ.P. 26(e).

8. Does the EEOC believe that any current or former employee of any of the Defendant has made a statement that is an admission that the Defendant is liable for the matters the EEOC raises in this lawsuit? If so, with respect to each admission, identify the name and address of the speaker(s), the date, time, and place the statement was made, the person to whom the statement was made, the names and addresses of all persons present, the substance of the statement, and whether the statement was recorded or written or whether notes were made of the statement, and if so, the person who did so and the present location of the written or recorded statement or notes.

**Response:** The Commission objects to this interrogatory on the ground that Defendant is seeking discovery of the Commission's attorney's mental processes, conclusions, and opinions in evaluating whether such statements are admissions. To evaluate these documents would invade the attorney's mental processes.

Without waiving this objection, the Commission has provided to Defendant all non-privileged documents within its possession to Defendant.

9. Set forth in detail every category of damages that the EEOC is claiming in this lawsuit, the amount sought for each category of damages, the basis for EEOC's claim that Kayla Roberts, Brooke DeFosse, Ashley Hopmayer, and/or Miranda Watson is entitled to each such amount, and the methodology or formula the EEOC used to calculate each individual's entitlement to each such amount.

**Response:** As noted in its Complaint filed in this action, the Commission seeks backpay, compensatory damages, and punitive damages. The Commission objects to Defendant's request for the amount sought for compensatory damages and punitive damages on behalf of Ms. Kayla Roberts, Ashley Hopmayer and Miranda Watson because Title VII of the Civil Rights Act of 1964, as amended and the Civil Rights Act of 1981a (a)(b)(c), provides, among other things, that a jury will determine the amount of compensatory or punitive damages. Thus, the Commission cannot provide or calculate the amount sought for the compensatory and punitive damages nor provide the methodology or formula. A jury will determine whether, and if Ms. Robert may be entitled to compensatory or punitive damages. Ms. Roberts and other claimants may be entitled to recover punitive damages if Defendant's conduct is shown to be malicious or in the nature of reckless indifference. The judge will determine whether this issue will go to the jury. If this issue is placed before the jury, then the jury will make the determination as to the amount of punitive damages. Because Finish Line, Inc. has more than 501 employees in each of the 20 or more calendar weeks, it may be subject to a total of $300,000 in compensatory and punitive damages for each individual on whose behalf the Commission seeks relief. The $300,000 damage cap does not limit back pay and pecuniary compensatory


Case 3:11-cv-00920 Document 111-3 Filed 01/02/13 Page 3 of 10 PageID #: 2064
- 3 -

damages and costs. Because Ms. Roberts was 16 years old when 38 year old General Manager Gallian Fulton raped her, was on the registry for sexual offenders, and he sexually harassed other teens, the Commission will seek the statutory caps for Ms. Roberts and damages for other claimants as well.

Back pay is calculated by looking at how much each named person would have earned, but for the discriminatory treatment by Defendant. For Ms. Roberts, the Commission will use and rely on her Tax Return and W-2 Form for 2009 and her deposition testimony from March 9, 2012. The Commission will seek backpay from the date Defendant constructively discharged Ms. Roberts (October 2009). When Ms. Roberts began working for American Eagle, the Commission will deduct this as interim earnings and cut-off her backpay once Ms. Roberts began attending college. Further discovery is needed to calculate the exact amount of backpay to which any other claimants may be entitled. When the Commission calculates the backpay, it will immediately provide such documents to Defendant pursuant to Fed.R.Civ.P. 26(e). The Commission does not seek relief for Ms. DeFosse.

The Commission continues to seek Hopmayer and Watson to obtain information as to their damages, and will seasonably supplement its response when the Commission obtains such information.

9. Has Roberts, DeFosse, Hopmayer, or Watson ever received any treatment or counseling for any mental, psychiatric, psychological or emotional issues? If yes, identify every physician, counselor, therapist or other healthcare professional from whom each has received such treatment, state when each received such treatment, and state whether such treatment was specifically related to the claims in the Complaint.

Case 3:11-cv-00920   Document 111-3   Filed 01/02/13   Page 4 of 10 PageID #: 2066
- 4 -

**Response:** See Roberts' deposition on March 9, 2012. The Commission seeks information from Hopmayer and Watson in response to Defendant's discovery and will supplement its response pursuant to Fed.R.Civ.P. 26(e) when it obtains such information. The Commission does not seek relief for Ms. DeFosse.

12. Identify any and all entities with whom Roberts, DeFosse, Hopmayer, and Watson have been employed after their employment with The Finish Line came to an end. For each, please identify the name of the employer, the address of the employer, the position in which each individual was employed, and her rate of pay.

**Response:** See the Commission's First Supplemental Response as to Roberts. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will supplement this response pursuant to Fed.R.Civ.P. 26(e) when it obtains such information. The Commission does not seek relief for Ms. DeFosse.

13. Have Roberts, DeFosse, Hopmayer, or Watson attended college or any other educational institution in the last three years? For each person for whom the answer to this question is in the affirmative, identify the institution where she was enrolled, whether she is still enrolled there, the dates of enrollment, the expected graduation date, and the degree(s) sought.

**Response:** See the Commission's First Supplemental Response as to Roberts. The Commission will also provide a formal supplemental response to Defendant's request for production as to this issue. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will supplement this response pursuant to Fed.R.Civ. P. 26(e) when it obtains such information.

14. Please identify with specificity each source of income that Roberts, DeFosse, Hopmayer, and Watson have had during the last three years, including for each such source the

date or dates upon which she received that income, the amount received on a periodic basis and the total amount received, and identify each document pertaining to this income.

**Response:** See the Commission's First Supplemental Response as to Roberts. The Commission will also provide a formal supplemental response to Defendant's request for production as to this issue. The Commission seeks information from Hopmayer and Watson in response to Defendant's discovery and will supplement this response pursuant to Fed.R.Civ.P. 26(e) when it obtains such information.

15. Identify each and every application Roberts, DeFosse, Hopmayer, or Watson have made in the last three years for public or private unemployment, workers compensation, disability, social security or other benefits, including the nature of the benefit, the entity that provides that benefit, the entity with which each has filed a claim, the date(s) each such claim was filed, whether the application for the benefits was granted, and if so, the date(s) the benefit was received and the payment amount, the total amount received, the date of expiration or eligibility, and the current status of the claim.

**Response:** See the Commission's First Supplemental Response as to Roberts. The Commission will also provide a formal supplemental response to Defendant's request for production as to this issue. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will supplement this response pursuant to Fed.R.Civ.P. 26(e) when it obtains such information. The Commission does not seek relief for Ms. DeFosse.

16. Identify each formal or informal complaint of unfair treatment, unlawful termination, constructive discharge and/or discrimination that Roberts, DeFosse, Hopmayer, or Watson have filed with the EEOC, with an equivalent state or local commission, or with any state or federal court.

**Response:** The Commissions objects to providing information in response to Interrogatory No. 16 regarding any claim that any claimant may have filed with the EEOC other than this litigation involving the charge filed against Finish Line, Inc. Title VII provides that "[c]harges shall not be made public by the Commission...Any person who makes public information in violation of this subsection shall be fined not more than one year or both." 42 U.S.C. Section 2000e-5(b). Title VII prohibits the Commission from divulging any information regarding any other alleged charges or acknowledging whether such charges or informal complaints were made with the EEOC. Regarding any claim that they may have filed with any state or federal court, this information would be public and Defendant may search to determine whether such information exists. The Commission lacks any information regarding any claim(s) filed with any state or federal court.

20. Identify each civil lawsuit or legal action (including divorces and bankruptcies) or administrative legal action in which Roberts, DeFosse, Hopmayer, or Watson have been named as a party or have otherwise been involved, in any jurisdiction, the style and number of the case, the court or administrative body in which the action was or is pending, whether the action is currently pending, and the resolution of the case.

**Response:** The present action is the only civil lawsuit in which Roberts has been involved. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will seasonably supplement this response when it obtains such information.

21. Has Roberts, DeFosse, Hopmayer, or Watson ever been arrested or convicted? If so, please identify any and all arrests, convictions, pleas, or other disposition of any crime or alleged crime with which Roberts, DeFosse, Hopmayer, or Watson have been involved.

**Response:** Roberts has never been arrested or convicted. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will seasonably supplement this response when it obtains such information.

23. Identify and provide the contact information and/or user names for Roberts, DeFosse, Hopmayer, and Watson from January 1, 2009 to the present, specifically including telephone number(s) (including cellular telephone numbers and service providers), home address(es), email address(es), social networking profiles (such as Facebook, MySpace, Twitter, etc.) and internet service provider(s).

**Response:** The Commission objects to this interrogatory to the extent that it seeks information protected by the privacy rights of these class members. Without waiving any objection, see the Commission's First Supplemental Response as to Roberts. The Commission will also provide a formal supplemental response to Defendant's request for production as to this issue. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will seasonably supplement its response when it obtains such information. The Commission is not seeking relief for Ms. DeFosse.

24. Between January 1, 2009 through today, did Roberts, DeFosse, Hopmayer, and/or Watson have a personal computer, mobile phone, smart phone, or other electronic device capable of sending or receiving e-mails, text messages, data, or documents? If so, identify the make and model of the devices, the operating systems, software and applications used by the devices, and the carriers or providers that facilitated data communication services for the devices, and please identify whose possession each computer, device, etc., currently resides.

**Response:** See the Commission's First Supplemental Response as to Roberts. The Commission will also provide a formal supplemental response to Defendant's request for

- 8 -

production as to this issue. The Commission is seeking information from Hopmayer and Watson in response to Defendant's discovery and will seasonably supplement this response when it obtains such information. The Commission is not seeking relief for Ms. DeFosse.

## VERIFICATION

I affirm under penalty of perjury that the foregoing supplemental responses to Defendant's First Set of Interrogatories to Plaintiff are true and correct.

EXECUTED on March 19, 2012.

s/ Mark Chen
Equal Employment Opportunity Commission

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

JOSEPH CROUT
Supervisory Trial Attorney
TN Bar No. 012957

s/ Kenneth P. Anderson (with permission MC)
KENNETH P. ANDERSON
Trial Attorney
D.C. Bar No. 469576

s/ Kelley R. Thomas   (with permission MC)
KELLEY R. THOMAS
Trial Attorney

TN Bar No. 023926

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
(901) 544-0122

s/ Mark Chen
MARK CHEN
Trial Attorney
TN Bar No. 014268

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
220 Athens Way, Suite 350
Nashville, TN 37228-1327
(615) 736-5784

## CERTIFICATE OF SERVICE

I certify that on March 19, 2012, a copy of the foregoing Plaintiff Equal Employment Opportunity Commission's Second Supplemental Responses to Defendant's First Set of Interrogatories was served by regular U.S. mail.

> Jonathan O. Harris
> Jennifer S. Rusie
> Jessica T. Patrick
> Ogletree, Deakins, Nash, Smoak & Stewart PC
> SunTrust Plaza, Suite 1200
> 401 Commerce Street
> Nashville, TN 37219

/s/Mark Chen
Mark Chen
Trial Attorney