IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

THE FINISH LINE, INC.,

Defendant.

No. 3:11-cv-00920
Chief Judge Haynes

# MEMORANDUM

Before the Court is Defendant The Finish Line, Inc.'s ("Finish Line") motion to sever (Docket Entry No. 99) under Federal Rule of Civil Procedure 42(b). Defendant seeks to sever seeks Plaintiff's claims on behalf of Kayla Roberts from its claims on behalf of Miranda Watson and Ashley Hopmayer.[1]

For the reasons stated below, the Court concludes that the Defendants' motion to sever should be denied.

### A. Statement of Facts

On September 29, 2011, Plaintiff instituted this action by filing a Complaint (Docket Entry No. 1) against Defendant, The Finish Line, Inc., alleging hostile work environment, constructive discharge and retaliation claims on behalf of Kayla Roberts, Miranda Watson and Ashley Hopmayer. This action primarily concerns sexual harassment allegations against Gallian Fulton,

---

[1] Defendant previously sought summary judgment as to all three claimants claims. The Court granted Defendant's motion in part as to claimant Ashley Hopmayer's claims. As such, Defendant's motion to sever is denied as moot as to Hopmayer's claims.

1

Defendant's General Manager for its Cool Springs retail store in Franklin, Tennessee. The 38 year-old Fulton allegedly subjected Kayla Roberts, Miranda Watson, and Ashley Hopmayer to frequent physically invasive sexual harassment throughout their respective employments at Defendant's Franklin, Tennessee location.

Plaintiff alleges Watson and Hopmayer, after opposing Fulton's alleged sexual harassment, separately resigned their employment. Plaintiff further alleges Roberts, after initially rebuffing Fulton's sexual advances, entered into a six-month romantic relationship with Fulton, in which Fulton and 16 year-old Roberts repeatedly engaged in sexual intercourse. Fulton later pled guilty to statutorily raping Roberts. Plaintiff next alleges that despite receiving multiple complaints and reports of inappropriate conduct by Fulton towards claimants, Defendant's assistant managers Sam Bolling and Crystal Freeman failed to follow Defendant's anti-harassment policy and report Fulton's sexually harassing conduct. Further, Plaintiff asserts claims of constructive discharge on behalf of Hopmayer, Watson and Roberts and a retaliation claim on behalf of Watson.

Defendant sought a stay of trial on December 5, 2012 which Plaintiff opposed. On December 10, 2012, the Court rejected Defendant's request and maintained the previously established trial date of January 29, 2013. On December 14, 2012, Defendant filed a motion to sever the claims of Kayla Roberts from claimants Ashley Hopmayer and Miranda Watson and requested two separate trials that Plaintiff opposes.

### B. Conclusions of Law

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or its own, the court may at any time, on just terms, add or drop a party," or "sever any claim against a party." The Court has "broad discretion to decide whether or not plaintiffs' cases should be tried separately." Benitez v. American Standard Circuits, Inc., 678 F. Supp. 2d 745, 770 (N.D. Ill. 2010). Further, Federal Rule

2

of Civil Procedure 42(b) allows the Court to order separate trials for separate claims "for convenience, to avoid prejudice, or to expedite and economize." The Court must balance the probable savings of time and effort of trying a single action "against the likelihood that a party might be prejudiced, inconvenience, or put to extra expense." Benitez, 678 F. Supp. at 770. The Court may allow some prejudice if "the prejudice is not so substantial that it outweighs the savings of time and effort in having a single trial." Id. When hostile environment claims and plaintiffs' claims are "factually related enough so as to limit jury confusion, a joint trial may be proper in concerns of economy and convenience will outweigh concerns of prejudice to the defendant." Id. Here, as the movant, Defendant "has the burden of proving that severance is warranted." 9A Wright and Miller, Federal Practice and Procedure § 2388, Separate Trials-Discretion of Court (3rd ed. 2011).

Relying solely on Federal Rule of Civil Procedure 42(b), Defendant seeks severance of Plaintiff's claims on behalf of Kayla Roberts from its claims on behalf of Miranda Watson and Ashley Hopmayer. Defendant contends that the Court should sever the claims under Rule 42(b) because trying all the claims together would severely prejudice Defendant. Plaintiff responds contending, in sum: (1) Plaintiff maintains special status as a federal enforcement agency for civil rights law against employment discrimination, conferring Plaintiff with authority to litigate the action in whatever form it chooses; (2) significant commonality of factual and legal issues involved in Plaintiff's hostile work environment claims on behalf of claimants exist; and (3) separate trials for Roberts and claimants Hopmayer and Watson would not serve expedience, judicial economy, or the convenience of the parties.

Extreme prejudice to a defendant resulting from the joint trial of a plaintiff's claims along with the concern of jury confusion may outweigh concerns of judicial economy. Bailey v. Northern Trust Co., 196 F.R.D. 513, 518 (N.D. Ill. 2000). However, prejudice to the defendant may not be as great when a hostile work environment claim is raised because "separate trials would require a significant amount of overlapping testimony and evidence for each plaintiff's separate case." Smith

3

v. No. Illinois Univ., No. 98 C 3555, 2002 WL 377725, at *5 (N.D. Ill. Feb. 28, 2002). Where a hostile work environment claim is raised and the plaintiffs' claims are factually related enough so as to limit jury confusion, a joint trial may be proper in that concerns of economy and convenience will outweigh concerns of prejudice to the defendant. Id.

Defendant next contends because Plaintiff has repeatedly used the phrases "statutory rape" and "sexual assault" to describe Roberts and Fulton's relationship, Plaintiff is certain to do so again before the jury in an attempt to prejudice Defendant with regard to all three claimants. Defendant asserts the nature of Roberts and Fulton's relationship would bias the jury's consideration of Hopmayer and Watson's claims. As such, Defendant, solely on the basis of Federal Rule of Civil Procedure 42(b)'s unfair prejudice protection, seeks to sever Roberts' claims from Hopmayer and Waton's claims.

In response, Plaintiff first contends, as the sole federal agency entrusted with litigating civil rights violations in the employment context, the United States Supreme Court has affirmed Plaintiff with special status. In EEOC v. Waffle House, 534 U.S. 279, 280 (2002), the Supreme Court noted Title VII "makes the EEOC the master of its own case and confers on the agency the authority to evaluate the strength of the public interest at stake." Here, Plaintiff contends that this action was filed on behalf of the public interest and the claimants under Title VII's statutory authority, and as such requests the Court acknowledge Plaintiff's special status in considering this motion.

Second, Plaintiff contends the commonality of factual and legal issues in the claims and defenses in this action support trying the claims in one trial. In deciding whether to order separate trials, the Court may consider the following factors:

    (1) whether the claims arise out of the same transaction or occurrence;

    (2) whether the claims present some common questions of law or fact;

    (3) whether settlement of the claims or judicial economy would be facilitated;

    (4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for the separate claims. In re: Millennium Multiple Emp'r Welfare Benefit Plan, No. 3:10-00575, 2011 U.S. Dist. LEXIS 41466, at *29 (M.D. Tenn. Apr. 15, 2011) (citation omitted).

> In determining whether discrimination claims arose from the same transaction or occurrence, the time period during which the alleged acts occurred; whether the acts of discrimination are related; whether there were differing types of adverse employment actions; whether more than one type of discrimination is alleged; whether the same supervisors were involved; whether employees worked in the same department; whether employees were at different geographical locations, and whether a company-wide policy is alleged.

Lee v. Dell Products, L.P., No. 3:06cv0001, 2006 WL 2981301, at *7 (M.D. Tenn. Oct. 16, 2006).

Here, General Manager Fulton allegedly subjected Watson, Hopmayer, and Roberts to unwelcome sexual touches and comments at Defendant's Cool Springs store during their respective employments. The same assistant managers, Crystal Freeman and Sam Bolling, are alleged to have had knowledge of Fulton's conduct toward each respective claimant. In essence, the claims of each claimant involve the same location, harasser, witness, and general time period. Thus, the Court concludes the claims arise from the same transaction or occurrence.

Each respective claim also presents some common questions of law or fact. Each claimant's claim arises from a hostile work environment created on the basis of her sex. Plaintiff also asserts constructive discharge claims on behalf of each claimant. Moreover, Defendant asserts the same affirmative defenses for each claimant's claims. The Court acknowledges there are some material differences between Plaintiff's allegations, yet those differences "do[] not automatically bring such claims outside the same transaction or occurrence language." Montgomery v. STG International, Inc., 532 F. Supp. 2d 29, 36 (D.D.C. 2008). Thus, the Court concludes, for the purposes of Title VII, Plaintiff's claims present significant commonality of law and fact.

Third, Plaintiff contends separate trials would not serve judicial economy or the convenience of the parties. The principle purpose of Federal Rule of Civil Procedure 42(b) "is to enable the trial judge to dispose of a case in a way that both advances judicial efficiency and is fair to the parties." In re Benedictin Litigation, 857 F.2d 290, 307 (6th Cir. 1988). "In deciding whether one trial or

5

separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation." Johnson v. United Parcel Service, Inc., No. 1:00-cv-3102006 WL 686884, at *7-8 (E.D. Tenn. Mar. 16, 2006). Here, Plaintiff contends that judicial economy and party convenience support conducting a single trial because witnesses and evidence will significantly overlap. See id. (stating that in determining whether joinder for trial is appropriate, the Court considers whether the claims are likely to involve many overlapping issues of fact such that Plaintiffs are likely to put on many of the same witnesses and evidence in support of their claims. Plaintiff anticipates testimony from Defendant's General Manager, each claimant, Defendant's assistant managers and former employees, and Defendant's district manager, as well as the same documentary proof will be relevant and necessary to its proof for all of its claims. Thus, the Court concludes that trying the claims in a single trial will best serve judicial economy and party interests.

Fourth, Plaintiff asserts any potential jury prejudice can be effectively mitigated through jury instructions, motions in limine, and effective presentation claims. In sum, Plaintiff contends, that: (1) jury instructions can specifically and thoroughly explain what each claimant must prove and what evidentiary proof a jury may properly take into consideration; (2) Defendant can file motions in limine to seek court intervention and exclusion of any perceived unfairly prejudicial evidence regarding Kayla Roberts; and (3) Defendant can mitigate any potential prejudice and confusion on the part of the jury though effective presentation of its own case. The Court agrees and concludes that jury instructions and motions in limine can effectively mitigate Defendant's concerns of potential jury prejudice.

## C. Conclusion

For the foregoing reasons, Defendant's motion to sever (Docket Entry No. 99) should be denied.

6

An appropriate Order is filed herewith.

_____
WILLIAM J. HAYNES, JR.
Chief Judge

1-10-13